IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-1221

TOBY FOSTER,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY

    Defendant.

## COMPLAINT

Plaintiff, TOBY FOSTER, by and through the undersigned attorneys, hereby file this Complaint against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, and would show this honorable Court the following;

## JURISDICTION AND VENUE

1. Plaintiff, TOBY FOSTER ("PLAINTIFF"), owns the residence located at 3526 Scott PL, Denver CO 80211-1334.

2. At all times material hereto, Plaintiff was a resident of Denver, CO.

3. At all times material hereto, Plaintiff was the sole resident of Colorado and is a resident of no other State except Colorado.

4. Defendant, STATE FARM FIRE AND CASUALTY COMPANY, (hereafter "STATE FARM"), is an insurance company incorporated in Illinois, doing business in Colorado

1

and is a resident of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.

5.     There is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of Seventy-Five thousand dollars ($75,000.00) such that, jurisdiction and venue in this Court is proper pursuant to 28 USC §1332.

## RESPONDEAT SUPERIOR AND CONDITIONS PRECEDENT

6.     Whenever in this petition it is alleged that Defendant did any act or thing, it is meant that Defendant or their agents, officers, servants, employees, or representatives did such act or thing. Such acts or conduct were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

7.     All conditions precedent have occurred or been performed for this lawsuit.

## STATEMENT OF FACTS

8.     Plaintiff purchased a Homeowner's insurance policy from Defendant, STATE FARM, (hereinafter the "Policy"), Policy Number 06-BE-C0184, to insure their home located at 3526 Scott PL, Denver CO 80211-1334 (the "Property") for the period from January 19, 2021, to January 19, 2022. This insurance covered losses due to, among other things, damages to the Property caused by fire.

9.     Plaintiff is not in possession of a complete certified copy of the Contract; however, the Contract is well known to and in the possession of Defendant, and Plaintiff has requested a formal copy of the Contract and will be further Requesting the Contract via formal discovery.

10. On or about March 6, 2021, a fire caused substantial damage to the Property. Plaintiff timely filed an insurance claim with Defendant and Defendant assigned to this loss the claim number of 06-G802-1K2.

11. Defendant assigned the claim to Claims Representative, Corey Clyncke, to investigate the loss and adjust the claim.

12. At all material times hereto, Corey Clyncke, was acting as an agent, officer, servant, employee, or representative of Defendant.

13. On or about March 8, 2021, Mr. Clyncke was made aware that the home was not livable. To date, Plaintiff continues to be displaced from his home due to the damages.

14. On or about March 10, 2021, State Farm hired AP Restoration to inspect the Property. AP Restoration failed to conduct a thorough investigation and failed to determine the scope of damages suffered to the Property. To date, Mr. Clyncke has never personally inspected the Property.

15. On May 18, 2021, Defendant created a repair estimate totaling $42,726.33 in RCV damages and $33,601.26 in ACV damages. On May 26, 2021, Defendant revised its estimate to total $67,795.79 in RCV damages. Both estimates were wholly insufficient to repair or replace the damaged Property.

16. On or about March 10, 2021, Plaintiff hired AmPac Restoration to inspect the Property. On May 5, 2021, AmPac conducted a thorough inspection of the Property and created an RCV repair estimate totaling $174,550.30 which was significantly higher than Defendant's estimates.

3

4 of 8

17. On May 28, 2021, AmPac Restoration revised its RCV estimate to $118,525.65 and again on June 9, 2021 to $135,728.32. All three of the AmPac Restoration estimates were significantly higher than Defendant's estimates.

18. During the adjustment of the claim, Mr. Clyncke had ex-parte communications with AmPac Restoration to convince AmPac Restoration to lower its estimate for the benefit of Defendant and to the detriment of Plaintiff.

19. On or about June 24, 2021, Plaintiff contacted Mr. Clyncke to discuss the AmPac Restoration repair estimates but Mr. Clyncke refused to proceed with AmPac Restoration's findings as to damages.

20. On or about November 1, 2021, Plaintiff retained C3 Group Inc., to provide a repair estimate. C3 Group Inc., conducted a thorough inspection of the Property and created an RCV estimate totaling $181,486.05 and an ACV estimate totaling $171,180.56.

21. On February 15, 2022, Plaintiff sent a letter to Defendant along with the C3 Group Inc., estimate and requested that Defendant pay the full amount owed under the Policy.

22. Defendant unreasonably stood behind the estimates prepared by Mr. Clyncke and refused to consider both the Ampac Restoration and C3 Group Inc., estimates, and failed to take any further action to adjust the damages owed under the Policy.

23. In addition, Defendant has failed to pay the full amount owed under the Policy as to personal property (contents) damages and additional living expenses incurred by Plaintiff.

24. At all material times, Defendant has known that Plaintiff continues to be displaced from his home and that Defendant's ACV and RCV estimates are insufficient to repair or replace the damaged Property.

25.     Defendant's actions, including but not limited to, conducting an inadequate and untimely investigation, under paying the claim, failing to timely respond to emails and correspondence, requesting redundant and unnecessary documentation for the purposes of delay, using inexperienced and biased adjusters to obtain a result oriented report and estimates to undervalue the subject fire damage insurance claim, and forcing Plaintiff to pursue litigation to recover for a legitimate claim, were done in bad faith and were unreasonable. These actions also constitute a breach of the express duties set forth in the insurance Policy as well as the implied contractual duties of good faith and fair dealing that Defendant owes to Plaintiff.

26.     Plaintiff was forced to retain legal counsel to represent its interests in this cause and is obligated to pay a reasonable fee for services rendered.

## **BREACH OF CONTRACT**

27.     Paragraphs one (1) through twenty-six (26) are incorporated by reference as if fully set forth herein.

28.     The Policy issued by Defendant contained an express or implied covenant of good faith and fair dealing.

29.     Plaintiff paid premiums and otherwise performed all conditions precedent to recover benefits under the contract. Defendant breached the express and implied terms of the insurance contract by failing to timely pay the full amount due under the contract and by failing to act reasonably and in good faith in investigating and resolving Plaintiff's claim.

30.     As a direct, immediate and proximate result of Defendant's breach of contract, Plaintiff has suffered injuries, damages, and losses in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, TOBY FOSTER, respectfully requests that this Court enter Judgment against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## STATUTORY BAD FAITH (C.R.S §§ 10-3-1113(3), 1115, 1116)

31. Paragraphs one (1) through twenty-six (26) and twenty-eight (28) through thirty (30) are incorporated by reference as if fully set forth herein.

32. Plaintiff is and continues to be first-party claimant who is owed benefits as an insured under the Policy with Defendant.

33. Accordingly, Defendant has a statutory duty not to unreasonably delay or deny policy benefits and payments to Plaintiff. Without a reasonable basis, Defendant, however, has delayed and denied and/or undervalued the payment of covered benefits owed to Plaintiff.

34. As a direct and proximate result of Defendant's unreasonable delay and denial, Plaintiff has suffered injuries, damages and losses in an amount to be proven at trial.

35. Plaintiff is entitled to all remedies allowed by C.R.S §10-3- 1113,1115, and 1116, including two times the covered benefit, reasonable attorneys' fees, prejudgment and post-judgment interest, and court costs.

**WHEREFORE**, Plaintiff, TOBY FOSTER, respectfully requests that this Court enter Judgment against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

## **COMMON LAW BAD FAITH**

36. Paragraphs one (1) through twenty-six (26) and twenty-eight (28) through thirty (30) are incorporated by reference as if fully set forth herein.

37. Defendant sold Plaintiff a residential insurance policy that provided coverage for damage to its building from fire. Plaintiff paid premiums and otherwise performed its obligations under the insurance contract.

38. As an insurer, Defendant owed certain general duties to Plaintiff, their insureds, including the duty of good faith and fair dealing, the duty to properly and adequately investigate Plaintiff's insurance claim, and the duty to attempt to reasonably settle Plaintiff's fire insurance claim.

39. Defendant breached these duties to Plaintiff by delaying and denying payment of covered benefits without a reasonable basis. Defendant also acted with knowledge or in reckless disregard of the fact that its delay and denial of Plaintiff's claim was unreasonable, in violation of Colorado Revised Statute, Section 10-3-1113(3).

40. Defendant took these actions for its own benefit in violation of the duties owed to its insureds. As a direct and proximate result of Defendant's bad faith insurance practices, Plaintiff has been damaged and has suffered injuries, damages, and losses in an amount to be proven at trial.

**WHEREFORE**, Plaintiff, TOBY FOSTER, respectfully requests that this Court enter Judgment against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, for damages, costs, pre-judgment interest, attorneys' fees pursuant to applicable law, and such other relief as the Court deems appropriate.

PLAINTIFFS REQUEST TRIAL BY JURY.

Respectfully submitted on the 17th day of May 2022.

                 **FLORIN ROEBIG, PA**

                 */s/ Chase P. Florin, B.C.S.*
                 _____
                 **CHASE P. FLORIN, B.C.S.**
                 FBN: 54529
                 777 Alderman Road
                 Palm Harbor, FL 34683
                 Telephone: (727) 786-5000
                 Fax: (727) 772-9833
                 Service Emails:
                 Chase@florinroebig.com
                 **Attorney for Plaintiff**