IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-01221-PAB-JPO

TOBY FOSTER,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

___

**ORDER**
___

This matter comes before the Court on defendant's Motion for Judgment on the Pleadings [Docket No. 25], pursuant to Fed. R. Civ. P. 12(c). Plaintiff responded on September 11, 2023, Docket No. 32, and defendant filed a reply on September 25, 2023. Docket No. 36.

**I. BACKGROUND**[1]

---

[1] The following facts are taken from plaintiff's complaint, Docket No. 1, and presumed true for the purpose of ruling on defendant's motion for judgment on the pleadings. On May 31, 2022, plaintiff filed a response to the Court's May 19, 2022 order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. Docket No. 8. Attached to this response was a proposed amended complaint. Docket No. 8-1. On June 1, 2022, the Court discharged the show cause order, but struck plaintiff's proposed amended complaint for failing to comply with D.C.COLO.LCivR 15.1(a) and stated that, "[i]f plaintiff wishes to amend his complaint, he shall follow the process outlined in Local Rule 15.1." Docket No. 9. Plaintiff has taken no further action to amend his complaint and the deadline for such an amendment passed on October 21, 2022. Docket No. 20 at 9. As such, plaintiff's original complaint is the operative complaint, and the Court will construe references in his response citing to Docket No. 8-1 as references to Docket No. 1.

Plaintiff Toby Foster owns a house located at 3526 Scott Pl., Denver CO 80211. Docket No. 1 at 1, ¶ 1.  Mr. Foster purchased an insurance policy from defendant State Farm Fire and Casualty Company ("State Farm"), policy number 06-BE-C0184, to insure his house, which included coverage for losses caused by fire.[2]  *Id.* at 2, ¶ 8.  On March 6, 2021, a fire caused substantial damage to Mr. Foster's house.  *Id.* at 3, ¶ 10. Mr. Foster filed an insurance claim which was assigned the claim number of 06-G802-1K2.  *Id.*  On March 10, 2021, State Farm hired AP Restoration to inspect Mr. Foster's house.  *Id.*, ¶ 14.  On May 18, 2021, State Farm created a repair estimate totaling $42,726.33 in RCV damages and $33,601.26 in ACV damages.[3]  *Id.*, ¶ 15.  On May 26, 2021, State Farm revised the RCV damages estimate up to $67,795.79.  *Id.*

On March 10, 2021, Mr. Foster hired AmPac Restoration to inspect his house. *Id.*, ¶ 16.  On May 5, 2021, AmPac Restoration created an RCV repair estimate totaling $174,550.30.  *Id.*  On May 28, 2021, AmPac Restoration revised its RCV estimate to $118,525.65 and again on June 9, 2021 to $135,728.32.  *Id.* at 4, ¶ 17.  On November 1, 2021, Mr. Foster hired C3 Group Inc. to provide a repair estimate, and C3 Group Inc.

---

[2] The complaint asserts that Mr. Foster is not in possession of a copy of his policy. Docket No. 1 at 2, ¶ 9.  State Farm maintains that Mr. Foster was provided a copy of his policy six months before Mr. Foster filed suit in this case.  Docket No. 36 at 3 n.1. Neither party has submitted a copy of the policy to the Court nor does either party cite a specific provision of the policy.

[3] The Court notes that, according to the National Association of Insurance Consumers,"[i]f [a person] ha[s] Replacement Cost Value (RCV) coverage, [the] policy will pay the cost to repair or replace [the] damaged property without deducting for depreciation.  If [a person] ha[s] Actual Cash Value (ACV) coverage, [the] policy will pay the depreciated cost to repair or replace [the] damaged property." *Actual Cash Value Is Not the Same as Replacement Cost*, National Association of Insurance Commissioners, (July 22, 2021), https://content.naic.org/article/rebuilding-after-storm-know-difference-between-replacement-cost-and-actual-cash-value-when-it-comes.

estimated RCV repair costs at $181,486.05 and ACV repair costs at $171,180.56. *Id.*, ¶ 20. On February 15, 2022, Mr. Foster sent a demand letter to State Farm, requesting it pay the full amount estimated by C3 Group Inc. *Id.*, ¶ 20. Mr. Foster alleges that State Farm has refused to pay the full amount of repair cost owed to him under the policy[4] and that, to date, he has been displaced from his home due to the fire damage.[5] *Id.* at 3, 4, ¶¶ 13, 23.

## II.  LEGAL STANDARD

The Court reviews a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) much as it does a motion to dismiss pursuant to Rule 12(b)(6). *See Adams v. Jones*, 577 F. App'x 778, 781–82 (10th Cir. 2014) (unpublished) ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion.") (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond St. Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished)). The Court must "accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleadings in favor of the same." *Id*. at 782. To prevail, the moving party must show that "no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law."

---

[4] While neither party directly states as much, the Court can infer that State Farm has paid Mr. Foster some amount under his claim, given that Mr. Foster alleges that State Farm "under pay[ed] the claim" and not that State Farm refused to pay the claim. Docket No. 1 at 5, ¶ 25.
[5] While State Farm points to deposition statements showing that Mr. Foster has moved back into his residence, at this stage, the Court will accept as true Mr. Foster's allegation that he remains displaced from his house. Docket No. 25 at 6 n.2.

3

*United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000).

A "motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1367 (3d ed.); *see also Park Univ. Enters.*, 442 F.3d at 1244 ("Judgment on the pleadings should not be granted unless the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." (quotation marks omitted)). A party may raise arguments that could be made in a motion under Rule 12(b)(6) in a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not the facts themselves be plausible." *RE/MAX, LLC. v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzalez*, 534 F.3d 1282, 1286 (10th Cir. 2008)). Generally, "[s]pecific facts are not necessary; the statement needs only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted). However, a plaintiff must provide "supporting factual averments" with his allegations. *Cory v. Allstate Insurance*, 583 F.3d 1240, 1244 (10th

4

Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *See, e.g.*, *Hackford v. Babbit*, 14 F.3d 1457, 1465 (10th Cir. 1994) ("[W]e are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

III.  ANALYSIS[6]

    A.  **Breach of Contract Claim**

Mr. Foster alleges claims for breach of contract, common law bad faith, and statutory bad faith.  Docket No. 1 at 5–7, ¶¶ 27–40.  To survive a motion for judgment on the pleadings for a breach of contract claim, a plaintiff must plausibly allege each of the elements of breach of contract.  The elements for breach of contract are "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff."  *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1033 (10th Cir. 2018) (citation omitted) (applying Colorado law).  A plaintiff is required to plead his breach of contract claim with sufficient specificity to demonstrate that his loss is covered under the terms of the policy.  *See Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1260 (10th Cir. 2020) (applying Colorado law).

State Farm argues that Mr. Foster's complaint shows only that he and State Farm disagree over the amount of damages State Farm is required to pay, as evidenced by the conflicting damage estimates.  Docket No. 25 at 6.  It contends that these allegations are insufficient to support Mr. Foster's three claims.  *Id.*  Specifically, State Farm asserts that Mr. Foster has failed to adequately plead his breach of contract claim.  *Id.* at 10.  State Farm contends that Mr. Foster (1) failed to allege coverage for

---

[6] Because the parties invoke Colorado law, the Court applies Colorado law in resolving the motion.  *Cf. Grynberg v. Total S.A.*, 538 F.3d 1336, 1346 (10th Cir. 2008) ("Because the parties' arguments assume that Colorado law applies, we will proceed under the same assumption").

his claimed damages under the terms of the policy, (2) failed to identify what terms of the contract were breached, and (3) has pled "facts that are equally consistent with the contract." *Id.* State Farm argues that Mr. Foster was required to identify specific provisions of the policy that State Farm breached and that the complaint's allegation that State Farm "fail[ed] to timely pay the full amount due under the contract" is insufficient to support a breach of contract claim. *Id.* at 10–11 (citing *Miller v. Metro. Life Ins. Co.*, 2019 WL 4450637, at *5 (S.D.N.Y. Sept. 17, 2019) ("under the law of [Colorado], a plaintiff must identify a specific provision of the contract that the defendant breached."). State Farm further asserts that "[t]he Policy itself contains numerous defined coverages, limiting terms, exclusions, conditions, and loss settlement provisions affecting coverage and the payment of benefits. . . . The mere fact that some amount or claimed damage was not paid (or not yet paid) does not plausibly state a claim for breach of contract because the contract itself contains provisions that provide numerous, legal bases for State Farm to deny or withhold payment." *Id.* at 11 (citations omitted).

Mr. Foster responds by pointing out that he alleges that (1) he had an insurance policy with State Farm, which he identifies by its number, (2) the insurance policy included coverage for loss from fire, (3) Mr. Foster's house was damaged by fire, and (4) State Farm has refused to pay Mr. Foster the amount owed to him under the contract for the loss caused by fire damage. Docket No. 32 at 10 (citing stricken complaint); *see also* Docket No. 1 at 2–4, ¶¶ 8–10, 16–17, 20, 22–23.

Under Fed. R. Civ. P. 12(b)(c), the Court finds that Mr. Foster has adequately pled his breach of contract claim. State Farm does not dispute that Mr. Foster has

7

adequately pled the existence of his policy with State Farm.  *See* Docket No. 25 at 10–12.  Nor does State Farm argue that Mr. Foster was required to plead a justification for any non-performance under the contract.  *Id.*  Mr. Foster has adequately pled the existence of a contract, including a specific reference to the policy number.  Docket No. 1 at 2, ¶ 8.  He has also sufficiently pled that he has performed under the contract by purchasing the policy.  *Id*.  State Farm argues that Mr. Foster has not adequately pled that State Farm failed to perform under the contract because he does not cite a specific provision of the contract that State Farm failed to comply with.  Docket No. 25 at 10–12.  However, in the complaint, Mr. Foster alleges that the insurance policy for his house specifically included coverage for loss from fire.[7]  Docket No. 1 at 2, ¶ 8.  He alleges that, on March 6, 2021, a fire damaged his house.  *Id.* at 3, ¶ 9.  Finally, he alleges that State Farm has failed to pay him the amount necessary to repair the damage to his house, as required by the terms of the insurance policy, and that he remains displaced from his home.  *Id.* at 4, ¶¶ 22, 24.  The Court finds the complaint has adequately pled both that State Farm has failed to perform under the contract and that, as a result of State Farm's failure, Mr. Foster has suffered damages.  The Court therefore denies State Farm's motion for judgment on the pleadings as to Mr. Foster's breach of contract claim.

---

[7] There is no dispute that the fire damage, at least in part, constituted a covered claim, under the policy, given that Mr. Foster was assigned a claim number and received some payment from State Farm.  *See* Docket No. 1 at 3, 5, ¶¶ 10, 25; Docket No. 11 at 2, ¶ 10 ("Defendant disputes the nature and extent of damage allegedly cause by the fire").

### B.  Bad Faith Claims

State Farm claims that it is entitled to judgment on the pleadings for Mr. Foster's statutory and common law bad faith claims because Mr. Foster "has failed to plead facts which, if true, would indicate that State Farm acted unreasonably."  Docket No. 25 at 4.  State Farm maintains that, to prevail on these claims, Mr. Foster has the burden of demonstrating that State Farm acted unreasonably and that, "[a]s pleaded, the facts describe nothing more than a value dispute between Plaintiff and State Farm.  These facts alone do not support Plaintiff's unreasonable delay claim."  *Id.* at 6 (citing *Canady v. Nationwide Affinity Ins. Co. of Am.*, 19-cv-00344-RBJ, 2020 WL 376494, *4 (D. Colo. Jan 23, 2020) ("An insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim.") (applying Colorado law).

Mr. Foster responds that the allegations in paragraph 25 of his complaint are sufficient to support his claims of statutory and common law bad faith.  Docket No. 32 at 6.  Paragraph 25 alleges that:

> Defendant's actions, including but not limited to, conducting an inadequate and untimely investigation, under paying the claim, failing to timely respond to emails and correspondence, requesting redundant and unnecessary documentation for the purposes of delay, using inexperienced and biased adjusters to obtain a result oriented report and estimates to undervalue the subject fire damage insurance claim, and forcing Plaintiff to pursue litigation to recover for a legitimate claim, were done in bad faith and were unreasonable.  These actions also constitute a breach of the express duties set forth in the insurance Policy as well as the implied contractual duties of good faith and fair dealing that Defendant owes to Plaintiff.

Docket No. 1 at 5, ¶ 25.  Mr. Foster further contends that the allegations in his complaint "establish the unreasonableness of the Defendant's conduct and set forth a timeline –

over the span of almost a year – of the Defendant's unreasonable delay in adjusting the claim." Docket No. 32 at 8.

Colorado's bad faith statute provides in relevant part:

A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant . . . .

[F]or the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

Colo. Rev. Stat. §§ 10-3-1115(1)(a), (b)(II)(B)(2).  Pursuant to § 10-3-1115, an insurer who delays or denies payment to its insured without a reasonable basis breaches its statutory duty of good faith and fair dealing.  *See Canady*, 2020 WL 376494, at *3.  To prove a claim of unreasonable delay or denial, an insured must demonstrate that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis.  *See Am. Fam. Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018).

In his statutory bad faith claim, Mr. Foster alleges that he is a first-party claimant who is owed benefits and that State Farm has a statutory duty not to unreasonably delay or deny policy benefits and payments.  Docket No. 1 at 6, ¶¶ 32–33.  Mr. Foster further alleges, "[w]ithout a reasonable basis, Defendant, however, has delayed and denied and/or undervalued the payment of covered benefits owed to Plaintiff," and that he "is entitled to all remedies allowed by C.R.S §10-3- 1113,1115, and 1116, including two times the covered benefit, reasonable attorneys' fees, prejudgment and post-judgment interest, and court costs."  *Id.*, ¶¶ 33, 35.  Mr. Foster does not plausibly allege that State Farm's conduct was unreasonable.

Mr. Foster has alleged that the estimates he received from AmPac Restoration and C3 Group Inc., were "significantly higher" than the estimate State Farm received from AP Restoration.  *Id.* at 3, ¶ 16.  However, as State Farm notes, "reasonable value disputes are not evidence of bad faith or unreasonable conduct."  Docket No. 25 at 6 (quoting *Anderson v. Am. Nat'l Prop. & Cas. Co.*, 17-cv-03016-KMT, 2020 WL 406077, at *11 (D. Colo. Jan. 23, 2020)).  Although Mr. Foster makes a conclusory allegation that State Farm's estimate was low because State Farm used "inexperienced and biased adjusters to obtain a result oriented report," Mr. Foster provides no factual details that lend plausibility to the allegation.  Docket No. 1 at 5, ¶ 25.  Moreover, he does not identify any deficiencies in AP Restoration's estimate, other than it was lower than the estimates of AmPac Restoration and C3 Group Inc, and does not allege why State Farm's reliance on AP Restoration's estimate was unreasonable other than making the conclusory allegations that State Farm, "[w]ithout a reasonable basis . . . has delayed and denied and/or undervalued the payment of covered benefits" and that State Farm "unreasonably stood behind the estimates prepared by Mr. Clyncke," the claim representative.  Docket No. 1 at 6, ¶ 33; *Carraway v. State Farm Fire & Cas. Co.*, 2023 WL 5374393, at *5 (10th Cir. Aug. 22, 2023) (affirming district court's dismissal of plaintiff's bad faith claim because the "complaint facially appears to plead a value dispute, not unreasonable conduct" and "[n]othing in the complaint addresses how State Farm's initial estimate – or the investigation that produced it – was *unreasonable*." (original emphasis)); *Ryals v. Am. Fam. Ins. Co., S.I.*, 20-cv-02736-NYW, 2021 WL 848195, at *7 (D. Colo. Mar. 5, 2021) (granting summary judgment in insurer's favor in part because "reasonable value disputes are not evidence of bad faith or unreasonable

11

conduct" (quoting *Anderson*, 2020 WL 406077, at *11)).  Mr. Foster further alleges that State Farm's estimates were "wholly insufficient to repair or replace the damaged Property."  Docket No. 1 at 3, ¶ 15.  However, Mr. Foster does not allege that his policy required State Farm to meet a particular standard for repair or replacement and, if so, how State Farm failed to meet that standard.  Finally, Mr. Foster makes the conclusory allegations that "AP Restoration failed to conduct a thorough investigation and failed to determine the scope of damages suffered to the Property," and that "[t]o date, Mr. Clyncke has never personally inspected the Property."  *Id.*, ¶ 14.  However, Mr. Foster "fails to provide any factual allegations describing [AP Restoration's] investigation or explaining how [AP Restoration's] investigation or evaluation was not proper, fair, or reasonable."  *LaGuardia v. Allstate Fire & Cas. Ins. Co.*, No. 22-cv-01831-NYW-STV, 2023 WL 2773400, at *3 (D. Colo. Apr. 4, 2023).  Furthermore, the fact that? Mr. Clyncke has not visited Mr. Foster's home does not add plausibility to his allegation of bad faith because State Farm hired AP Restoration to inspect the property.  As such, Mr. Foster's allegations do not "permit the court to infer more than the mere possibility of misconduct," which means that Mr. Foster has not shown that he is entitled to relief. *See Iqbal*, 556 U.S. at 679.  Because Mr. Foster has failed to plausibly allege that State Farm acted without any reasonable basis, the Court will dismiss his statutory bad faith claim.

For the insured to prevail on a common-law bad faith claim, the insured must prove that (1) the insurer's conduct was unreasonable and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable. *Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985); *see also Dale v. Guar.*

*Nat'l Ins. Co.*, 948 P.2d 545, 551 (Colo. 1997).  Where "an insurer maintains a mistaken belief that the claim is not compensable, it may be within the scope of permissible challenge even if its belief is incorrect."  *Brennan v. Farmers All. Mut. Ins. Co.*, 961 P.2d 550, 557 (Colo. App. 1998); *Warren v. Liberty Mut. Fire Ins. Co.*, 691 F. Supp. 2d 1255, 1272 (D. Colo. 2010).  Ultimately, an insurance company recklessly disregards the unreasonableness of its coverage position when it acts with knowledge that its position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.  Colo. Jury Instr., Civil 25:7 (citing *Savio*, 706 P.2d at 1275–76).  A common-law bad faith claim, therefore, requires "an absence of a reasonable basis for denial of policy benefits and the knowledge or reckless disregard of a reasonable basis for a denial."  *Savio*, 706 P.2d at 1275 (quoting *Anderson v. Cont'l Ins. Co.*, 271 N.W.2d 368, 377 (1978)).

The Court finds that Mr. Foster has failed to plausibly allege the "absence of a reasonable basis for [State Farm's] denial of policy benefits."  *See Savio*, 706 P.2d at 1275.  As the Court has noted, State Farm has declined to pay Mr. Foster the value of the estimate provided by C3 Group Inc. based, in part, on the AP Restoration estimate and Mr. Foster has failed to plausibly allege that State Farm lacked a reasonable basis to rely on AP Restoration's estimate.

Moreover, Mr. Foster has failed to plausibly allege that State Farm acted with knowledge or reckless disregard of any unreasonable conduct.  The complaint alleges that Mr. Clyncke communicated with AmPac Restoration "to convince AmPac Restoration to lower its estimate" and that Mr. Foster contacted "Mr. Clyncke to discuss the AmPac Restoration repair estimates but Mr. Clyncke refused to proceed with

13

AmPac Restoration's findings as to damages." Docket No. 1 at 4, ¶¶ 18–19. Mr. Foster also alleges that, "[a]s an insurer, Defendant owed certain general duties to Plaintiff, their insureds, including the duty of good faith and fair dealing, the duty to properly and adequately investigate Plaintiff's insurance claim, and the duty to attempt to reasonably settle Plaintiff's fire insurance claim" and that "Defendant breached these duties to Plaintiff by delaying and denying payment of covered benefits without a reasonable basis." *Id.* at 7, ¶¶ 38–39. Mr. Foster's allegations, without any supporting facts, are conclusory, and the Court need not accept them as true. *See Cory*, 583 F.3d at 1244 ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002) (the court need not accept conclusory allegations as true).

The Court concludes that Mr. Foster's "boilerplate" allegations, which are "applicable to any insurance contract claim generally," are "devoid of any specific factual information" and are therefore insufficient to plausibly state a bad faith claim. *See Ryals*, 2021 WL 848195, at *8; *O'Rourke v. Geico Cas. Co.*, No. 21-cv-00200-RM-NYW, 2021 WL 5071840, at *8 (D. Colo. July 2, 2021) ("Making cursory allegations that Geico has engaged in some level of unexplained unreasonable or bad faith conduct is insufficient to plead a plausible claim."), *report and recommendation adopted*, 2021 WL 7368174 (D. Colo. Dec. 8, 2021); *Musel Master, LLC v. Am. Fam. Mut. Ins. Co.*, No. 18-cv-02725-RBJ, 2019 WL 9244886, at *4 (D. Colo. June 24, 2019) (dismissing bad faith claim where plaintiff alleged no facts to support conclusory allegations that the defendant insurer "unreasonably delayed and denied covered benefits without a

reasonable basis for doing so by failing to conduct a fair investigation of [the plaintiff's] claim").

Mr. Foster also fails to allege that State Farm acted with knowledge or reckless disregard of the unreasonableness of its conduct. *See Savio*, 706 P.2d at 1275. Mr. Foster alleges in the complaint that State Farm "acted with knowledge or in reckless disregard of the fact that its delay and denial of Plaintiff's claim was unreasonable, in violation of Colorado Revised Statute, Section 10-3-1113(3)." Docket No. 1 at 7, ¶ 39. Mr. Foster provides no factual support for this conclusory assertion and his allegation is nothing more than a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration and quotation marks omitted); *see also Villa Maison Homeowners Ass'n, Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2018 WL 11182673, at *2 (D. Colo. July 9, 2018) ("Simply saying that defendant acted unreasonably or unfairly, does not make it so."). The Court concludes that "[t]here are simply no non-conclusory allegations in the [c]omplaint about any delay or bad faith conduct." *Villa Maison*, 2018 WL 11182673, at *2. Thus, Mr. Foster has not alleged sufficient facts to support his claim that State Farm acted in bad faith, and the Court will dismiss his common-law bad faith claim.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Motion for Judgment on the Pleadings [Docket No. 25] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that plaintiff Toby Foster's claims for statutory bad faith and common law bad faith are **DISMISSED without prejudice**.

DATED March 1, 2024.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge